

**CT Corporation**
**Service of Process Notification**
09/08/2023
CT Log Number 544680822

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Shelley Wisniewski, Lead Consultant<br>ALLSTATE INSURANCE COMPANY<br>100 E PALATINE RD STE 201<br>WHEELING, IL 60090-6528 |
| **RE:** | **Process Served in Louisiana** |
| **FOR:** | Allstate Insurance Company  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NECOLA AND EDWARD CARTER vs. ALLSTATE INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Petition |
| **COURT/AGENCY:** | 19th District Court, Parish of East Baton Rouge, LA<br>Case # C73733622 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 09/08/2023 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of the date you were served with both the petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Chinwe Ndidi Onyenekwu, Esq.<br>Galindo Law Firm<br>3850 North Causeway Blvd. Ste. 1520<br>Metairie, LA 70002<br>713-228-3030 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/08/2023, Expected Purge Date: 09/13/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Documents were served upon the Louisiana on 09/07/2023 and forwarded to Ct corporation |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125





9489 0090 0027 6568 6732 94

ALLSTATE INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816



SS116

# State of Louisiana
# Secretary of State

09/07/2023

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

ALLSTATE INSURANCE COMPANY
C/O C T CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 737336
19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

EDWARD CARTER, ET AL
vs
ALLSTATE INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: B. GARAFOLA

Date: 09/06/2023
Title: DEPUTY SHERIFF

No: 1299368



TG

SERVICE COPY



D12277828

# CITATION

EDWARD CARTER, ET AL
(Plaintiff)

VS

ALLSTATE INSURANCE COMPANY
(Defendant)

NUMBER C-737336 "22"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   ALLSTATE INSURANCE COMPANY
      THROUGH ITS AGENT FOR SERVICE
      THE LOUISIANA SECRETARY OF STATE

SERVED ON
R. KYLE ARDOIN

GREETINGS:

SEP 0 6 2023

SECRETARY OF STATE
COMMERCIAL DIVISION

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 30, 2023.**



*Kaelah A. Burgess*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: ONYENEKWU, CHINWE NDIDI**
*The following documents are attached:

**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE: $_____
MILEAGE $_____
TOTAL:   $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

RECEIVED

SEP 0 5 2023

E B R SHERIFF'S OFFICE

EAST BATON ROUGE PARISH   C-737336
Filed Aug 30, 2023 10:29 AM    22
Deputy Clerk of Court
E-File Received Aug 29, 2023 5:26 PM

# THE 19TH JUDICIAL DISTRICT COURT FOR EAST BATON ROUGE PARISH

## STATE OF LOUISIANA

NO.:                    SECTION                    DIVISION " "

### NECOLA AND EDWARD CARTER

### VERSUS

### ALLSTATE INSURANCE COMPANY

FILED: _____     _____
                                                     **DEPUTY CLERK**

## PETITION FOR DAMAGES

Now into Court, through undersigned counsel, comes Plaintiff, Necola and Edward Carter, who files this Petition for Damages and respectfully represents that:

1. Made Plaintiff herein is **Necola and Edward Carter (or "Plaintiff")**, a person of the full age of majority and domiciled in East Baton Rouge Parish, State of Louisiana.

2. Made Defendant herein is **Allstate Insurance Company ("Allstate Insurance Company")**, incorporated under the laws of Illinois, with a principal place of business at 2775 Sanders Road, Northbrook, IL 60062-6127. Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through Louisiana Secretary Of State, 8585 Archives Ave., Baton Rouge, LA 70809.

3. This Court has subject matter jurisdiction over the matters alleged herein, particularly under La. Stat. Ann. §22:868(A)(2).

4. Defendant entered into a contract of insurance with the Plaintiff in Louisiana, whereby the Plaintiff paid a premium to Defendant for their promise to compensate the Plaintiff in the event of a covered loss. Defendant is transacting the business of insurance in the state of Louisiana and the basis of this suit arises out of such conduct.

5. Venue is proper in this Court because the subject property is located in East Baton Rouge Parish and the loss occurred in East Baton Rouge Parish.

## FACTS

6. Plaintiff contracted with Defendant to insure the property located at 24020 PLANK ROAD, Zachary, LA 70791 (the "insured premise").

7. The insured premise is the location of Plaintiff's personal residence.

*Petition for Damages - Page 1 of 6*


**Certified True and Correct Copy**
CertID: 2023083000808

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

8. The insured premise is covered under a policy issued by Defendant (the "Policy"), which provided insurance coverage for the Property.

9. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

10. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

11. On August 29, 2021, while the policy was in full force and effect, Hurricane Ida made landfall over Southeast Louisiana.

12. Hurricane Ida was a major category four hurricane.

13. Hurricane Ida produced winds of 150 mph.

14. As a result of Hurricane Ida, the insured premises sustained damages.

15. Devastating winds and wind-driven rain lasted for several hours as the hurricane passed over Southeast Louisiana.

16. As a result of Hurricane Ida, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

17. Plaintiff provided timely and proper notice to Defendant of the claim.

18. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

19. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

20. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

21. Defendant was given full access to inspect the insured premises. Defendant has had ample opportunity to view the extensive damage to the property.

22. Louisiana law provides claims handling timelines which are strictly construed.

*Petition for Damages - Page 2 of 6*

Certified True and
Correct Copy
CertID: 2023083000808

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

23. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

24. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

25. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

26. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

27. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

28. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

29. In compliance with their duties, Plaintiff cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

*Petition for Damages - Page 3 of 6*


**Certified True and Correct Copy**
CertID: 2023083000808

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

30. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. Plaintiff had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

32. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

33. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

34. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the Policy. This cooperation in no way waives Defendant's duties under the law.

35. Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from Hurricane Ida.

## BREACH OF CONTRACT

36. Despite more than sufficient proof of loss, Defendant failed to timely and adequately tender payment of insurance proceeds as required under the Policy.

37. At all relevant times, Defendant provided insurance coverage for the matters, risks, and damages involved herein. The Policy contained a hurricane and/or windstorm endorsement that provided coverage for all of the damages sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents coverage, loss of use coverage, recoverable depreciation, as well as all repair/replacement costs, and all other damages which will be disclosed through discovery and proven at trial.

38. Defendant's failure to timely provide adequate payment for clearly covered losses is in breach of and in violation of the Policy. Coverage under the Policy remains available and is due to Plaintiff.

## STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS

*Petition for Damages - Page 4 of 6*


**Certified True and Correct Copy**
CertID: 2023083000808

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

39. Defendant's conduct and failure to timely pay insurance proceeds due under its Policy is in clear violation of La. R.S. 22:1892 and La. R.S. 22:1973. Plaintiff, therefore, seeks the recovery of damages, attorney's fees, penalties, and costs under these statutes.

40. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;
   b. Inability to make appropriate repairs due to inadequate insurance payments;
   c. Diminution in value of property;
   d. Actual damages related to the increased cost of repairs;
   e. Mental anguish;
   f. Attorney's fees and penalties; and
   g. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY TRIAL

41. Plaintiff prays for and is entitled to a trial by jury, with a bond to be set at a later date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Necola and Edward Carter, prays that the Defendant, Allstate Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the same, and that there be judgment rendered in favor of Plaintiff and against Defendant in an amount that will fully compensate Plaintiff for all damages; and for prejudgment interest from the date of Plaintiff's filing of the lawsuit, for post judgment interest on the judgment at the rate allowed by law, for all costs of these proceedings, for attorney's fees, penalties, and costs, and for all further relief, both in law and in equity, to which Plaintiff may show themself justly entitled.

Respectfully Submitted,

_____
Chinwe Ndidi Onyenekwu
Louisiana Bar Number: 34013
chewa@galindolaw.com

Mark Ladd
Louisiana Bar Number: 30847
mark@galindolaw.com

*Petition for Damages - Page 5 of 6*


**Certified True and Correct Copy**
CertID: 2023083000808

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Harry E. Cantrell, Jr.
Louisiana Bar Number: 03852
OF Counsel

Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, Louisiana 70002
Ph. 71 3-228-3030
Fax 713-228-3003
Email: hurricane@galindolaw.com
**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE:**
Allstate Insurance Company
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

*Petition for Damages - Page 6 of **6***


**Certified True and Correct Copy**
CertID: 2023083000808

*Raelah Burgess*
East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
8/30/2023 12:50 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).