### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NECOLA AND EDWARD CARTER** | * | **CIVIL ACTION NO. 3:23-CV-01452** |
| **Plaintiffs,** | * | |
| | * | **JUDGE/SECTION:** |
| **vs.** | * | **CHIEF JUDGE SHELLY D. DICK** |
| | * | |
| **ALLSTATE INSURANCE** | * | **MAGISTRATE/DIVISION:** |
| **COMPANY** | * | **JUDGE SCOTT D. JOHNSON** |
| **Defendant.** | * | |

**************************************

### ALLSTATE INSURANCE COMPANY'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Allstate Insurance Company ("Allstate"), who in Answer to Plaintiff's Complaint for Damages ("Complaint"), respectfully avers as follows:

1. The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

2. The allegations contained in Paragraph 2 of the Complaint are admitted to the extent that Allstate is a foreign insurance company authorized to do and doing business in Louisiana. To the extent any allegations are made regarding Allstate's liability in the instant action, those allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

4. The allegations contained in Paragraph 4 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy number 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy period April 6, 2021 – April 6, 2022 (hereinafter the "Policy"). The Policy is self-evident

1

of its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso.* Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein.  The remaining allegations are denied.

5.  The allegations contained in Paragraph 5 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

6.  The allegations contained in Paragraph 6 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy number 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy period April 6, 2021 – April 6, 2022 (hereinafter the "Policy"). The Policy is self-evident of its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso.* Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein.  The remaining allegations are denied.

7.  The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

8.  The allegations contained in Paragraph 8 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy number 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy

period April 6, 2021 – April 6, 2022 (hereinafter the "Policy"). The Policy is self-evident of its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso*. Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein. The remaining allegations are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

10. The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

11. The allegations contained in Paragraph 11 of the Complaint are admitted to the extent that Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

12. The allegations contained in Paragraph 12 of the Complaint are admitted to the extent that Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

13. The allegations contained in Paragraph 13 of the Complaint are admitted to the extent that Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

14. The allegations contained in Paragraph 14 of the Complaint are admitted to the extent that Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

15. The allegations contained in Paragraph 15 of the Complaint are admitted to the extent that

Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

16. The allegations contained in Paragraph 16 of the Complaint are admitted to the extent that Hurricane Ida made landfall in or around southeast Louisiana on or about August 29, 2021. The remaining allegations are denied as written.

17. The allegations contained in Paragraph 17 of the Complaint are admitted in part and denied in part. The allegations contained in Paragraph 17 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy number 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy period April 6, 2021 – April 6, 2022. The Policy is self-evident of its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso*. Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein. The remaining allegations are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

18. The allegations contained in Paragraph 18 of the Complaint are admitted in part and denied in part. The allegations contained in Paragraph 18 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy number 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy period April 6, 2021 – April 6, 2022. The Policy is self-evident of its

coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso*. Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein. The remaining allegations are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

19. The allegations contained in Paragraph 19 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

20. The allegations contained in Paragraph 20 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

21. The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

22. The allegations contained in Paragraph 22 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

23. The allegations contained in Paragraph 23 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

24. The allegations contained in Paragraph 24 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

25. The allegations contained in Paragraph 25 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

26. The allegations contained in Paragraph 26 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

27. The allegations contained in Paragraph 27 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

28. The allegations contained in Paragraph 28 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

29. The allegations contained in Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

30. The allegations contained in Paragraph 30 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

31. The allegations contained in Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

32. The allegations contained in Paragraph 32 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

33. The allegations contained in Paragraph 33 of the Complaint are Denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

35. The allegations contained in Paragraph 35 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

36. The allegations contained in Paragraph 36 of the Complaint are Denied.

37. The allegations contained in Paragraph 37 of the Complaint are admitted to the extent that Allstate issued a homeowner's policy bearing policy 95517983 to Necola Carter as named insured, for the residence premises located at municipal address 24020 Plank Road, Zachary, Louisiana 70791 (hereinafter referred to as the "Property"), noting a policy period April 6, 2021 – April 6, 2022. The Policy is self-evident of its coverages, terms, conditions,

limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso*. Defendant further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein.  The remaining allegations are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

38. The allegations contained in Paragraph 38 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

39. The allegations contained in Paragraph 39 of the Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

40. The allegations contained in Paragraph 40 of the Complaint, including subparts "a." – "g.", are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

41. The allegations contained in Paragraph 41 of the Complaint are denied in part. Allstate does not deny that Plaintiff prays for trial by jury. The remaining allegations are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

42. The allegations contained in Plaintiff's Prayer contain no allegations and, therefore, no response is required. However, out of an abundance of caution and, to the extent that a response is required, any allegations contained in the prayer are denied.


**AND NOW**, in further Answer, Defendant, Allstate, raises the following Affirmative Defenses, to wit:

### AFFIRMATIVE DEFENSE NO. 1

Plaintiff's Complaint fails to state a claim, cause or right of action upon which relief may be granted against Allstate.

### AFFIRMATIVE DEFENSE NO. 2

To the extent Plaintiff has already received payment for his loss, Allstate avers that those payments were appropriate, and that Plaintiff has been paid all that is owed under the Policy.

### AFFIRMATIVE DEFENSE NO. 3

To the extent Allstate is entitled to any credits or set-offs for any amounts previously paid or to be made, Allstate hereby claims those credits or set-offs against any eventual award made to Plaintiff. To the extent payments have been made to which Plaintiff is not entitled, Allstate reserves its right to recover those amounts by counterclaim or reconventional demand.

### AFFIRMATIVE DEFENSE NO. 4

Allstate avers that Plaintiff has not been damaged as the result of any action or inaction by Allstate. If Plaintiff has suffered damage as alleged, Allstate avers that such damage was caused in whole or in part by the action or inaction of Plaintiff and/or third parties beyond Allstate's control and/or responsibility.

### AFFIRMATIVE DEFENSE NO. 5

Allstate avers that Plaintiff's claims are premature.

### AFFIRMATIVE DEFENSE NO. 6

Allstate avers that Plaintiff's Complaint is vague and ambiguous and calls for a more definitive statement of the damages claimed therein.

## AFFIRMATIVE DEFENSE NO. 7

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provisions relative to Plaintiff's dwelling:

**Section I – Your Property**

**Coverage A**
**Dwelling Protection**

**Property We Cover Under Coverage A:**
1. Your **dwelling** including attached structure. Structures connected to **your dwelling** by only a fence, utility line, or similar connection are not considered attached structures.
2. Construction materials and supplies at the **residence premises** for use in connection with **your dwelling**.

**Property We Do Not Cover Under Coverage A:**
1. Any structure including fences or other property covered under **Coverage B – Other Structures Protection**.
2. Land, except as specifically provided in **Section I – Additional Protection** under item 10, "Land."
3. Satellite dish antennas and their systems, whether or not attached to **your dwelling**.

AP3338 (Pages 5-6)

## AFFIRMATIVE DEFENSE NO. 8

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provisions relative to other structures:

**Section I – Your Property**

**Coverage B**
**Other Structures Protection**

**Property We Cover Under Coverage B:**
1. Structures at the address shown on the Policy Declarations separated from **your dwelling** by clear space.
2. Structures attached to **your dwelling** by only a fence, utility line, or similar connection.
3. Construction materials and supplies at the address of the **residence premises** for use in connection with other structures.

**Property We Do Not Cover Under Coverage B:**
1. Structures used in whole or in part for **business** purposes.

9

2. Any structure of other property covered under **Coverage A – Dwelling Protection**.
3. Land, no matter where located, or the replacement, rebuilding, restoration, stabilization or value of any such land.
4. Construction materials and supplies at the address of the **residence premises** for use in connection with the **dwelling**.
5. Satellite dish antennas and their systems, whether or not attached to **building structures**.

AP3338 (Page 6)

## <u>AFFIRMATIVE DEFENSE NO. 9</u>

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provisions relative to personal property:

**Section I – Your Property**

**Coverage C**
**Personal Property Protection**

**Property We Cover Under Coverage C:**
1. Personal Property owned or used by an **insured person** anywhere in the world. When personal property is located at a residence other than the **residence premises**, coverage is limited to 10% of **Coverage C – Personal Property Protection**.

    This limitation does not apply to personal property in a newly acquired principal residence for the 30 days immediately after **you** begin to move property there or to personal property in student dormitory, fraternity or sorority housing.

2. At **your** option, personal property owned by a guest or **residence employee** while the property is in a residence **you** are occupying.

**Limitations On Certain Personal Property:**
Limitations apply to the following groups of personal property. If personal property can reasonably be considered a part of two or more of the groups listed below, the lowest limit will apply. These limitations do not increase the amount of insurance under **Coverage C – Personal Property Protection**. The total amount of coverage for each group in any one loss is as follows:

1. $100 – Money, bullion, bank notes, coins and other numismatic property.
2. $500 – Accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, securities, tickets, and stamps, including philatelic property.
3. $500 – Watercraft, including their attached or unattached trailers, furnishings, equipment, parts, and motors.
4. $500 – Trailers not used with watercraft.
5. $500 – Theft of jewelry, watches, precious and semi-precious stones, gold other than goldware, silver other than silverware, platinum and furs, including any item containing

10

fur which represents its principal value.
6. $1,000 – Theft of silverware, pewterware and goldware.
7. $1,000 – Trading cards, subject to a maximum amount of $250 per card.
8. $1,000 – Theft of firearms.
9. $1,000 – Manuscripts, including documents stored on electronic media.
10. $500 – Any motorized land vehicle parts, equipment or accessorites not attached to or located in or upon any motorized land vehicle.
11. $3,000 – Electronic data processing equipment and the recording or storage media used with that equipment. Recording or storage media will be covered only up to:
    a. The retail value of the media, if pre-programmed; or
    b. The retail value of the media in blank or unexposed form, if blank or self-programmed.
12. $10,000 – Theft of rugs, including, but not limited to any handwoven silk or wool rug, carpet, tapestry, wall-hanging or other similar article whose principal value is determined by its color, design, quality of wool or silk, quality of weaving, condition or age; subject to a maximum amount of $2,500 per item.
13. $250 – Property used or intended for use in a **business** while the property is away from the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.
14. $2,500 – Property used or intended for use in a **business**, including property held as samples or for sale or delivery after sale, while the property is on the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

**Property We Do Not Cover Under Coverage C:**
1. Personal property specifically described and insured by this or any other insurance.
2. Animals.
3. Motorized land vehicles, including, but not limited to any land vehicle powered or assisted by a motor or engine. **We** do not cover any motorized land vehicle parts, equipment or accessories attached to or located in or upon any motorized land vehicle. **We** do cover motorized land vehicles designed for assisting the handicapped or used solely for the service of the **insured premises** and not licensed for use on public roads.
4. Aircraft and aircraft parts. This does not include model or hobby craft not designed to carry people or cargo.
5. Property of roomers, boarders, tenants not related to an **insured person**.
6. Property located away from the **residence premises** and rented or held for rental to others.
7. **Business** property whether at or away from the **residence premises**.
8. Property held as samples or for sale or delivery after a sale.
9. Any device, cellular communication system, radar signal reception system, accessory or antenna designed for reproducing, detecting, receiving, transmitting, recording or playing back data, sound or picture which may be powered by electricity from a motorized land vehicle or watercraft and while in or upon a motorized land vehicle or watercraft.
10. Satellite dish antennas and their systems.

AP3338 (Pages 6-8)

AP65-2 (Page 2 of 4)

## <u>AFFIRMATIVE DEFENSE NO. 10</u>

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

policy provision relative to Additional Living Expenses:

**Section I – Your Property**

**Additional Protection**

1. **Additional Living Expense**
   a) **We** will pay the reasonable increase in living expenses necessary to maintain **your** normal standard of living when a direct physical loss **we** cover under **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** or **Coverage C – Personal Property Protection** makes your **residence premises** uninhabitable. However, additional living expense solely due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amount paid or payable under **Section I, Conditions – Mold, Fungus, Wet Rot and Dry Rot Remediations as a Direct Result of a Covered Loss.**

      Payment for additional living expense as a result of a covered loss under **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** or **Coverage C – Personal Property Protection** will be limited to the least of the following:

      1) the time period required to repair or replace the property **we** cover, using due diligence and dispatch;
      2) if **you** permanently relocate, the shortest time for **your** household to settle elsewhere; or
      3) 12 months.

AP3338 (Page 10)

## <u>AFFIRMATIVE DEFENSE NO. 11</u>

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provision relative to debris removal:

**Section I – Your Property**

**Additional Protection**

3. **Debris Removal**
   **We** will pay reasonable expenses **you** incur to remove debris of covered property damaged

by a loss **we** cover. If the loss to the covered property and the cost of debris removal are more than the limit of liability shown on the Policy Declarations for the covered property, **we** will pay up to an additional 5% of that limit for debris removal.

AP3338 (Page 11)

## AFFIRMATIVE DEFENSE NO. 12

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provision:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection, Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting:

6. Enforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any **building structure**, other structure or land at the **residence premises**.

AP3338 (Page 9)

## AFFIRMATIVE DEFENSE NO. 13

Allstate avers that Plaintiff's alleged damages may be limited or barred by the following

Policy provision:

**Section I  Conditions**

19. **Mold, Fungus, Wet Rot and Dry Rot Remediations as a Direct Result of a Covered Loss**

In the event of a covered loss under **Coverage A – Dwelling Protection, Coverage B – Other Structures Protection** or **Coverage C – Personal Property Protection**, **we** will pay up to $10,000 for mold, fungus, wet rot or dry rot **remediation**. This Condition does not increase or decrease the limits of liability under **Coverage A – Dwelling Protection, Coverage B – Other Structures Protection** or **Coverage C – Personal Property Protection**.

AP3338 (Page 18)

## AFFIRMATIVE DEFENSE NO. 14

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting of:

> 15. **We** do not cover loss to covered property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** when:
>     a. there are two or more causes of loss to the covered property; and;
>     b. the predominant cause(s) of loss is (are) excluded under **Losses We Do Not Cover**, items 1 through 14…

AP3338 (Page 10)

## AFFIRMATIVE DEFENSE NO. 15

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting of:

> 5. Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.
>
> **We** do cover sudden and accidental direct physical loss caused by fire, explosion, theft or breakage of glass or safety glazing materials resulting from earth movement.

AP3338 (Page 9)

## AFFIRMATIVE DEFENSE NO. 16

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting of:

1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.
2. Water or any other substance that backs up through sewers or drains.
3. Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.
4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the **residence premises**.

AP3338 (Page 9)

## AFFIRMATIVE DEFENSE NO. 17

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting of:

16. Mold, fungus, wet rot or dry rot. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot or dry rot.

    This exclusion applies regardless of whether mold, fungus, wet rot or dry rot arised from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in **Section I, Conditions Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Loss**.

AP3338 (Page 10)

## **AFFIRMATIVE DEFENSE NO. 18**

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Cover Under Coverages A, B and C:**
**We** will cover sudden and accidental direct physical loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** except as limited or excluded in this policy, caused by:

> 2. Windstorm or hail.
>
>     **We** do not cover:
>     a. Loss to the interior of a **building structure**, or covered property inside, caused by rain,
>     b. snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall…

AP3338 (Page 8)

## **AFFIRMATIVE DEFENSE NO. 19**

Allstate avers that the damages claimed in Plaintiff's Complaint were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**Section I – Your Property**

**Losses We Do Not Cover Under Coverages A, B and C:**
**We** do not cover loss to the property described in **Coverage A – Dwelling Protection**, **Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection** caused by or consisting of:

> 14. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
>     a. planning, zoning, development, surveying, siting;
>     b. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>     c. materials used in repair, construction, renovation or remodeling; or
>     d. maintenance;
>
> of property whether on or off the **residence premises** by any person or organization.

AP3338 (Pages 9-10)

## **AFFIRMATIVE DEFENSE NO. 20**

Plaintiff's claims are limited by application of the Hurricane Deductible as explained in Endorsement Form AP546-1, attached to Plaintiff's Policy and incorporated herein as if copied *in extenso*.

## **AFFIRMATIVE DEFENSE NO. 21**

Plaintiff's claims are barred under the Policy provisions relative to suits against the insurer.

**Section I  Conditions**

12. **Suit Against Us**

Any suit or action must be brought within 24 months after the inception of loss or damage.

The bankruptcy or insolvency of an **insured person** or that person's estate will not relieve **us** of any obligation.

The following provision applies to all actions in any way related to accidents or injury in the State of Louisiana:

A person or organization may bring a lawsuit against **us**, including but not limited to a lawsuit to recover on an agreed settlement or on a final judgment against and insured; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by **us**, the insured and the claimant or the claimants's legal representative.

AP3338 (Page 16)
AU14148

## **AFFIRMATIVE DEFENSE NO. 22**

Plaintiff's claims are barred or limited due to Plaintiff's failure to abide by his Duties After Loss pursuant to the Policy's Conditions:

**Section I  Conditions**

3. **What You Must Do After A Loss**

**...**
    b.  Protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

AP3338 (Page 12)

## <u>AFFIRMATIVE DEFENSE NO. 23</u>

Plaintiff's claims are barred or limited due to Plaintiff's failure to abide by his Duties After

Loss pursuant to the Policy's Conditions:

**Section I  Conditions**

   3.  **What You Must Do After A Loss**
     **...**
      f.  as often as **we** reasonably require:
         i.  show **us** the damaged property.
        ii.  at **our** request, submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person** and sign a transcript of the same.
      iii.  produce representatives, employees, members of the insured's household or others to the extent it is within the **insured person's** power to do so…

AP3338 (Page 13)

## <u>AFFIRMATIVE DEFENSE NO. 24</u>

Plaintiff's claims are barred or limited due to Plaintiff's failure to abide by his Duties After

Loss pursuant to the Policy's Conditions:

**Section I  Conditions**

   3.  **What You Must Do After A Loss**
     **...**
      c.  separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

AP3338 (Page 13)

## <u>AFFIRMATIVE DEFENSE NO. 25</u>

Plaintiff's claims are barred or limited due to Plaintiff's failure to abide by his Duties After

18

Loss pursuant to the Policy's Conditions:

**Section I  Conditions**

   3.  **What You Must Do After A Loss**

     **…**

     g.  within 60 days after the loss, give **us** a signed, sworn proof of the loss. This statement must include the following information:

       i.  the date, time, location and cause of loss;

       ii.  the interest **insured persons** and others have in the property, including any encumbrances;

       iii.  the actual cash value and amount of loss for each item damaged, destroyed or stolen;

       iv.  any other insurance that may cover the loss;

       v.  any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

       vi.  at **our** request, the specifications of any damaged **building structure** or other structure;

       vii.  evidence supporting any claim under the Credit Card, Bank Fund Transfer Card, Check Forgery and Counterfeit Money protection. State the cause and amount of loss.

AP3338 (Page 13)

## AFFIRMATIVE DEFENSE NO. 26

Plaintiff's claims are limited or barred or otherwise must be calculated pursuant to the Loss

Settlement Policy provisions:

**Section I  Conditions**

   4.  **Our Settlement Options**
In the event of a covered loss, **we** have the option to:

     a.  repair, rebuild or replace all or any part of the damaged, destroyed or stolen property with property of like kind and quality within a reasonable time; or

     b.  pay for all or any part of the damaged, destroyed or stolen property as described in Condition 5 "How We Pay For A Loss".

Within 30 days after **we** receive **your** signed, sworn proof of loss **we** will notify **you** of the option or options **we** intend to exercise.

   5.  **How We Pay For A Loss**
Under **Coverage A – Dwelling Protections, Coverage B – Other Structures Protection** and **Coverage C – Personal Property Protection**, payment for covered loss will be by one or more of the following methods:

a. Special Payment. At **our** option, **we** may make payment for a covered loss before **you** repair, rebuild or replace the damaged, destroyed or stolen property if:

    i. the whole amount of loss for property covered under **Coverage A – Dwelling Protection** and **Coverage B – Other Structures Protection**, without deduction for depreciation, is less than $2,500 and if the property is not excluded from the Building Structure Reimbursement provision, or;

    ii. the whole amount of loss for property covered under **Coverage C – Personal Property Protection** without deduction for depreciation, is less than $2,500 and if **your** Policy Declarations shows that the Personal Property Reimbursement provision applies, and the property is not excluded from the Personal Property Reimbursement provision.

b. Actual Cash Value. If **you** do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for depreciation. Payment will not exceed the limit of liability shown on the Policy Declarations for the coverage that applies to the damaged, destroyed or stolen property, regardless of the number of items involved in the loss.

**You** may make claim for additional payment as described in paragraph "c", and paragraph "d" below if applicable, if **you** repair or replace the damaged, destroyed or stolen property within 1870 days of the actual cash value payment.

c. Building Structure Reimbursement. Under **Coverage A – Dwelling Protection** and **Coverage B – Other Structures Protection**, **we** will make additional payment to reimburse **you** for cost in excess of act actual cash value if **you** repair, rebuild or replace damaged, destroyed or stolen covered property within 180 days of the actual cash value payment. This additional payment includes the reasonable and necessary expense for treatment or removal and disposal of contaminants, toxins or pollutants as required to complete repair or replacement of that part of a **building structure** damaged by a covered loss. This additional payment shall not include any amounts which may be paid or payable under **Section I, Conditions – Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Loss**, and shall not be payable for any losses excluded in **Section I – Your Property**, under **Losses We Do Not Cover Under Coverages A and B**, item 24.

Building Structure Reimbursement will not exceed the smallest of the following amounts:

    i. the replacement cost of the part(s) of the **building structure**(s) for equivalent construction for similar use on the same premises;

    ii. the amount actually and necessarily spent to repair or replace the damaged **building structure**(s) with equivalent construction for similar use on the same **residence premises**; or

    iii. the limit of liability applicable to the **building structure**(s) as shown on the Policy Declarations for **Coverage A – Dwelling Protection** or **Coverage B – Other Structures Protection**, regardless of the number of building structures and structures other than building structures involved in the loss.

If you replace the damaged **building structure**(s) at an address other than shown on the Policy Declarations through construction of a new structure or purchase of an existing structure, such replacement will not increase the amount payable under Building Structure Reimbursement describe above. The amount payable under Building Structure Reimbursement described above does not includes the value of any land associated with the replacement structure(s).

Building Structure Reimbursement payment will be limited to the difference between any actual cash value payment made for the covered loss to building structures and the smallest of i., ii. or iii. above.

Building Structure Reimbursement will not apply to:
  i.   property covered under **Coverage C – Personal Property Protection**;
  ii.  property covered under **Coverage B – Other Structures Protections** that is not a **building structure**;
  iii. land.

AP3338 (Pages 13-14)

## AFFIRMATIVE DEFENSE NO. 27

Allstate specifically avers the Policy Provisions regarding Appraisal:

**Section I  Conditions**

7. **Appraisal**
   In case the insured and this Company shall fail to agree as to the actual cash value or the amount of the loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and then notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

AP3338 (Pages 15-16)
AP4443-1 (Lines 125-140)

## AFFIRMATIVE DEFENSE NO. 28

Allstate avers that Plaintiff's claims are limited or barred if there is Other Insurance

applicable to the alleged loss.

**Section I  Conditions**

16. **Other Insurance**

If both this insurance and other insurance apply to a loss, we will pay the proportionate amount that this insurance bears to the total amount of all applicable insurance. However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft.

AP3338 (Pages 16-17)

## AFFIRMATIVE DEFENSE NO. 29

Allstate avers that Plaintiff's claims are limited or barred if there is Concealment of Fraud.

**Concealment, fraud**

This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

AP4443-1 (Lines 1-6)

## AFFIRMATIVE DEFENSE NO. 30

Allstate avers that the cause of Plaintiff's damages is the negligence and/or fault of the Plaintiff, thereby barring or mitigating on the basis of comparative fault, the amount of recovery herein.

## AFFIRMATIVE DEFENSE NO. 31

Plaintiff's claims are barred by any other applicable Exclusions under the Policy.

## AFFIRMATIVE DEFENSE NO. 32

Plaintiff's claims are barred due to his failure to satisfy all duties under the Policy.

## AFFIRMATIVE DEFENSE NO. 33

Allstate avers that Plaintiff has failed to provide satisfactory proof of loss as is required by jurisprudential law, statutory authority and the terms, conditions, provisions, and exclusions of the

Policy.

## AFFIRMATIVE DEFENSE NO. 34

Allstate avers that it has adjusted Plaintiff's claim in good faith, in accord with the terms and conditions of the Policy, and in compliance with any applicable statutory or jurisprudential law.

## AFFIRMATIVE DEFENSE NO. 35

To the extent Plaintiff has received money from any state and/or federal agency or program, and that Plaintiff has assigned and/or subrogated his rights to said state or federal agency or program, Allstate avers that Plaintiff is the improper Party Plaintiff to prosecute this action.

## AFFIRMATIVE DEFENSE NO. 36

Plaintiff has no right or cause of action to the extent of the interest of the mortgagee holding the mortgage on the Property.

## AFFIRMATIVE DEFENSE NO. 37

Allstate avers that should it be determined that Plaintiff made any material misrepresentations in connection with his claims herein, then such misrepresentations are a violation of the Policy and thereby voids coverage and any obligations therein.

## AFFIRMATIVE DEFENSE NO. 38

Plaintiff did not rely on any misrepresentations of either Allstate or anyone for whom Allstate might be legally responsible.

## AFFIRMATIVE DEFENSE NO. 39

Allstate asserts that there is no insurance coverage for the claims asserted by Plaintiff to the extent the damages were pre-existing to the loss event made subject of this suit.

## **AFFIRMATIVE DEFENSE NO. 40**

Allstate avers and asserts the Policy, self-evident of its terms, conditions, coverages, endorsements and exclusions, in its entirety, as if copied herein *in extenso*, as constituting an Affirmative Defense to Plaintiff's Complaint.

## **RESERVATION OF RIGHTS**

Allstate reserves its right to supplement and amend its Answer to Plaintiff's Complaint and to supplement and assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, Defendant, Allstate Insurance Company, prays that its Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient and after due proceedings are had, that there be judgment herein in favor of Allstate Insurance Company and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's cost and for all other general and equitable relief as this Honorable Court deem fit.


Dated: October 13, 2023.

Respectfully Submitted:

*/s/ Sean P. Sullivan*
Sean P. Sullivan, Esq. LSBA No. 33398
**Kelley Kronenberg, PA**
400 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
P: 504-208-9055
Email: ssullivan@kelleykronenberg.com
*Counsel for Defendant, Allstate Insurance Company*